# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AeroCision Parent, LLC, *et al.*, | : | Case No. 23-11032 (KBO) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| ──────────────────────────── | : | |
| | : | |
| Craig R. Jalbert, in his capacity as the Plan Administrator, | : | Adv. Proc. No. 25-50398-KBO |
| | : | **Related Docket No. 7** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Willis Towers Watson Northeast, Inc., Transportation Ins. Co. (CNA), American Casualty Co. of Reading, PA (CNA), | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| ──────────────────────────── | : | |

### ANSWER OF TRANSPORTATION INS. CO. (CNA) AND AMERICAN CASUALTY CO. OF READING, PA (CNA) TO AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Defendants Transportation Ins. Co. and American Casualty Co. of Reading, PA (collectively, the "CNA Companies" or "CNA Defendants"), by and through their attorneys, Troutman Pepper Locke LLP, states for their Answer (the "Answer") to the Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint") in this adversary proceeding (the "Adversary Proceeding"), as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: AeroCision Parent, LLC (8828); AeroCision, LLC (0509); and Numet Machining Techniques, LLC (3162).

## NATURE OF THE ACTION

1. CNA Defendants admit that paragraph 1 of the Complaint purports to summarize the legal bases for the relief that plaintiff Craig R. Jalbert, in his capacity as the Plan Administrator (the "<u>Plaintiff</u>"), is seeking in the Complaint, but CNA Defendants deny that any relief sought by the Plaintiff in the Complaint should be granted.

2. CNA Defendants admit that paragraph 2 of the Complaint purports to summarize the legal bases for the relief that the Plaintiff is seeking in the Complaint, but CNA Defendants deny that any relief sought by the Plaintiff in the Complaint should be granted.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent an answer is nonetheless deemed required, CNA Defendants admit that this Court[2] has jurisdiction over this Adversary Proceeding.

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent an answer is nonetheless deemed required, CNA Defendants admit that the Adversary Proceeding is a core proceeding. Additionally, CNA Defendants admit that Plaintiff consents to the entry of final orders or judgments by the Court in paragraph 4 of the Complaint. Pursuant to Local Bankruptcy Rule 7008-1, CNA Defendants state that they consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent an answer is nonetheless deemed required, CNA Defendants admit that venue of the Adversary Proceeding is properly in this district.

6. CNA Defendants admit that Plaintiff seeks relief in paragraph 6 of the Complaint pursuant to sections 502, 547, 548, and 550 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001, but deny that Plaintiff is entitled to such relief.

## THE PARTIES

7. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, which pertain to Plaintiff's appointment. They are therefore denied.

8. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, which pertain to Willis's business address and name change. They are therefore denied.

9. CNA Defendants admit that Defendant Transportation Ins. Co. is a property and casualty insurance company domiciled in the state of Illinois and that Defendant Transportation Ins. Co. offers numerous lines of property and casualty coverage, including workers' compensation, general liability, and other commercial lines. CNA Defendants also admit that Defendant Transportation Ins. Co. has a principal place of business at 151 North Franklin Street, Chicago, IL 60606. CNA Defendants admit CNA Hardy has an office location at 20 Fenchurch Street, London EC3M 3BY, United Kingdom. CNA Defendants deny the balance of the allegations contained in paragraph 9 of the Complaint.

10. CNA Defendants admit that Defendant American Casualty Co. of Reading, PA is a property and casualty insurance company domiciled in the state of

Pennsylvania and that Defendant American Casualty Co. of Reading, PA offers numerous lines of property and casualty coverage, including workers' compensation, general liability, and other commercial lines. CNA Defendants also admit that Defendant American Casualty Co. of Reading, PA has a principal place of business at 151 North Franklin Street, Chicago, IL 60606. CNA Defendants admit CNA Hardy has an office location at 20 Fenchurch Street, London EC3M 3BY, United Kingdom. CNA Defendants deny the balance of the allegations contained in paragraph 10 of the Complaint.

11. CNA Defendants admit they transacted business with one or more of the Debtors before the Petition Date. CNA Defendants admit that CNA Defendants entered into insurance policy agreements and other documents (collectively, the "Agreements") pursuant to which they provided insurance to Debtor AeroCision Parent, LLC ("Debtor") prior to the Petition Date. CNA Defendants the balance of the allegations contained in paragraph 11 of the Complaint.

**RELEVANT BACKGROUND**

12. CNA Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. CNA Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, which pertain to the Plan and appointment of the Plan Administrator. They are therefore denied.

15. CNA Defendants admit that paragraph 15 of the Complain recites portions of the Plan but deny that paragraph 15 is a complete recitation of the Plan. CNA Defendants deny the balance of paragraph 15 of the Complaint as a legal conclusion.

16. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, which pertain to Plaintiff's due diligence and the APA. They are therefore denied.

17. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint concerning Plaintiff's investigations of the Purchaser's business operations and resulting subjective determinations, and, therefore, CNA Defendants deny the same.

18. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, which concern the Debtors' business operations. They are therefore denied.

19. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, which concern Willis's Agreement with the Debtors. They are therefore denied.

20. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, which concern the Debtors' business operations during the Preference Period. They are therefore denied.

21. CNA Defendants admit that the SOFA reflects the Transfers. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraph 21 of the Complaint. They are therefore denied.

22. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, which concern Plaintiff's Demand Letter to Willis. They are therefore denied.

23. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, which concern a Stipulation entered into by Plaintiff and Willis and further communications between Plaintiff and Willis. They are therefore denied.

24. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 24, which concern Plaintiff's review of the Plan and correspondence with the Purchaser. They are therefore denied. CNA Defendants deny the second sentence of paragraph 24 as a legal conclusion.

25. CNA Defendants admit that the Original Complaint was amended to include the Insurance Defendants. CNA Defendants deny the balance of the allegations contained in paragraph 25 of the Complaint.

26. CNA Defendants deny the balance of the allegations contained in paragraph 26 of the Complaint as stating a legal conclusion.

**RESPONSES TO CLAIMS FOR RELIEF**

**COUNT I- SEEKING AVOIDANCE OF ALLEGED PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(B)**

27. CNA Defendants incorporate and restate each and every answer contained in paragraphs 1 through 26 of this Answer as if fully set forth herein.

28. CNA Defendants admit only that the Debtor made Transfers to Willis and that Willis transferred the aggregate amount of $91,687.65 to CNA Defendants during the

Preference Period but deny any inference or allegation in paragraph 28 of the Complaint that the Transfers are avoidable and deny any liability with respect to the Transfers.

29. CNA Defendants admit the allegations contained in paragraph 29 of the Complaint.

30. CNA Defendants admit only that CNA Defendants was a creditor at the time of each Transfer by virtue of providing insurance to Debtor AeroCision Parent, LLC and deny the balance of the allegations contained in paragraph 30 of the Complaint.

31. CNA Defendants admit that each Transfer was to or for the benefit of a creditor within the meaning of § 547(b)(1) of the Bankruptcy Code but deny the balance of the allegations contained in paragraph 31 of the Complaint as calling for a legal conclusion.

32. CNA Defendants admit that each Transfer was made for, or on account of, an antecedent debt or debts but deny the balance of the allegations of paragraph 32 of the Complaint as calling for a legal conclusion.

33. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, which pertain to the Debtors' solvency. They are therefore denied.

34. CNA Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. CNA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint. They are therefore denied.

36. CNA Defendants deny the allegations contained in paragraph 36 of the Complaint.

## COUNT II- SEEKING TO AVOID ALLEGEDLY FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. § 548(A)(1)(B)

37. CNA Defendants incorporate and restate each and every answer contained in paragraphs 1 through 36 of this Answer as if fully set forth herein.

38. Paragraph 38 of the Complaint merely states legal conclusions to which no response is required and such paragraph contains no allegations of fact. By way of further response, CNA Defendants specifically deny: (a) that the Debtor did not receive reasonably equivalent value for any transfers that the Debtor may have made to CNA Defendants at any time via Willis; and (b) that any transfers that CNA Defendants may have received from the Debtor via Willis may be avoided under 11 U.S.C. § 548 or otherwise.

39. CNA Defendants deny the allegations contained in paragraph 39 of the Complaint.

## COUNT III- SEEKING TO RECOVER ALLEGED AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

40. CNA Defendants incorporate and restate each and every answer contained in paragraphs 1 through 39 of this Answer as if fully set forth herein.

41. CNA Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. CNA Defendants deny the allegations contained in paragraph 42 of the Complaint.

## PRAYER FOR RELIEF

43. To the extent Plaintiff's Prayer for Relief is deemed to contain factual allegations requiring a response, they are denied.

## AFFIRMATIVE DEFENSES

By way of affirmative defense, CNA Defendants state as follows:

1. The relief sought by Plaintiff against CNA Defendants in the Complaint should be barred under 11 U.S.C. §547(c)(1) to the extent that each transfer alleged in the Complaint was intended by CNA Defendants and the Debtor making such transfer as a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange.

2. The relief sought by Plaintiff against CNA Defendants in the Complaint should be barred under 11 U.S.C. §547(c)(2) to the extent that each transfer alleged in the Complaint was a payment of debt incurred in the ordinary course of business or financial affairs of the Debtor and CNA Defendants, and was made: (i) according to ordinary business or financial affairs of the Debtor and CNA Defendants; or (ii) according to ordinary business terms.

3. The relief sought by Plaintiff against CNA Defendants in the Complaint should be barred under 11 U.S.C. § 547(c)(4) to the extent that after each transfer alleged in the Complaint was made, CNA Defendants provided new value that was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of CNA Defendants.

4. The relief sought in the Complaint should be denied to the extent permitted by the doctrine of setoff.

5. The relief sought in the Complaint should be denied to the extent permitted by the doctrine of recoupment.

6. The relief sought by Plaintiff against CNA Defendants in the Complaint should be denied pursuant to 11 U.S.C. § 550(a)(1) to the extent that CNA Defendants were not

the initial transferee(s) of any transfer alleged in the Complaint and were not the entity for whose benefit the transfer was made.

7. The relief sought by Plaintiff against CNA Defendants in the Complaint should be denied pursuant to 11 U.S.C. § 550(a)(2) to the extent that CNA Defendants were not the immediate or mediate transferee(s) of such initial transferee.

8. The relief sought by Plaintiff against CNA Defendants in the Complaint should be barred to the extent that CNA Defendants is entitled to one or more of the defenses set forth in 11 U.S.C. § 550(b)-(e).

9. To the extent that the Plaintiff would otherwise be entitled to avoid any of the transfers alleged in the Complaint under 11 U.S.C. § 548, Plaintiff may not recover from CNA Defendants to the extent that CNA Defendants, in good faith, gave value to the Debtor.

10. CNA Defendants reserve all rights to assert additional affirmative defenses based upon further investigation and discovery.

WHEREFORE, CNA Defendants request that this Court enter an order denying all of the relief sought in Complaint and granting CNA Defendants costs and such other and further relief as is just and appropriate.

Dated: March 4, 2026
      Wilmington, Delaware

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

/s/ *Tori L. Remington*
Tori L. Remington (DE 6901)
Hercules Plaza, Suite 1000
1313 N. Market Street
Wilmington, Delaware 19899-1709
Telephone: 302.777.6500
Email: tori.remington@troutman.com

-and-

Jonathan W. Young (*pro hac vice* forthcoming)
401 9th Street, NW
Washington, D.C. 20004
Telephone: 202.220.6967
Email: jonathan.young@troutman.com

-and-

Sarah L. Hautzinger Loumeau (*pro hac vice* forthcoming)
875 Third Avenue
New York, NY 10022
Telephone: 202.704.6352
Email: sarah.hautzingerloumeau@troutman.com

*Counsel for CNA Defendants*